

# Fourth Court of Appeals
## San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-24-00362-CR

Jessica **MURILLO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CR4331W
Honorable Stephanie R. Boyd, Judge Presiding

PER CURIAM

Sitting:    Lori I. Valenzuela, Justice
             Lori Massey Brissette, Justice
             Adrian A. Spears II, Justice

Delivered and Filed: March 5, 2025

APPEAL DISMISSED

Appellant's brief was originally due November 7, 2024. Neither the brief nor a motion for extension of time to file the brief was filed. On November 12, 2024, this court notified appellant's counsel, Ms. Judith Wemmert, that the brief had not been filed and directed Ms. Wemmert to respond within ten days. Ms. Wemmert did not respond. On November 25, 2024, this court issued an order directing Ms. Wemmert to file, no later than December 5, 2024, appellant's brief or a response stating a reasonable explanation for failing to timely file the brief and demonstrate the

steps being taken to remedy the deficiency. Our order cautioned Ms. Wemmert that if she failed to file an adequate response by December 5, 2024, this appeal would be abated to the trial court for an abandonment hearing, and the trial court would be asked to consider whether sanctions are appropriate. *See* TEX. R. APP. P. 38.8(b)(2). We received no written response to our November 25, 2024, order. Therefore, we abated this appeal, and the trial court held an abandonment hearing. A record of the hearing and findings made by the trial court during the hearing have been filed in this court.

During the abandonment hearing, appellant orally represented to the trial court that she no longer wishes to prosecute this appeal. Additionally, after the abandonment hearing, appellant certified in writing that she no longer wishes to pursue this appeal. Following the abandonment hearing, we reinstated this case to our active docket and ordered Ms. Wemmert to file a motion in accordance with appellant's wishes that complies with the Texas Rules of Appellate Procedure. *See id.* R. 42.2(a). Subsequently, Ms. Wemmert filed a motion to dismiss this appeal. However, Ms. Wemmert's motion is not signed by appellant.[1]

Texas Rule of Appellate Procedure 42.2(a) provides that in a criminal case, "[a]t any time before the appellate court's decision, the appellate court may dismiss the appeal upon the appellant's motion. The appellant *and* his or her attorney must sign the written motion to dismiss[.]" *See id.* (emphasis added). However, strict compliance with this Rule is not required, as Rule 42.2(a)'s signature requirement may be suspended in appropriate circumstances. *See id.* R. 2; *Hartsell v. State*, 143 S.W.3d 233–34 (Tex. App.—Waco 2004, no pet.) (mem. op) (per curiam)

---

[1] After our reinstatement order, Ms. Wemmert filed an affidavit in this court attesting that she sent a copy of the motion to appellant for her signature on the same day as the deadline to file her motion to dismiss in this court, which was January 17, 2025. Ms. Wemmert represented she would file the motion with appellant's signature "as soon as she receives the signed documents from [a]ppellant." Ms. Wemmert has not filed any further motions.

(suspending signature requirement where appellant represented he no longer wished to pursue the appeal).

Here, Ms. Wemmert's motion does not strictly comply with Rule 42.2(a)'s requirements. However, in light of appellant's oral representations to the trial court during the abandonment hearing and her subsequent written and signed affirmation that she no longer desires to pursue this appeal, we suspend Rule 42.2(a)'s requirement that the defendant signs a motion to dismiss under these circumstances and grant the motion to dismiss. *See* TEX. R. APP. P. 2, 42.2(a).

PER CURIAM

DO NOT PUBLISH